## PEOPLE v. CHALUT.

CRIMINAL LAW—PROBATION VIOLATION—PLEA OF GUILTY—CONSE-
  QUENCE OF PLEA.

  Acceptance of plea of guilty to charge of violation of proba-
    tion, and sentence for the original crime of robbery unarmed,
    *held*, without error where the record shows that the trial judge
    discussed the specific violations of the probationary order with
    which the defendant was charged, advised him that he faced
    up to 15 years in prison upon acceptance of his plea of
    guilty, and discussed in detail the alleged violations which
    had previously been served on the defendant in written form
    (CL 1948, § 750.530).

Appeal from Genesee, Papp (Elza H.), J.   Sub-
mitted Division 2 February 2, 1968, at Lansing.
(Docket No. 4,072.)   Decided June 27, 1968.   Leave
to appeal denied December 11, 1968.   See 381 Mich
792.

David Chalut was convicted of robbery unarmed,
and placed on probation.   Upon plea of guilty to
charge of violation of probation, probation order
set aside and defendant sentenced.   Defendant ap-
peals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Der-
engoski,* Solicitor General, *Robert F. Leonard,* Pros-
ecuting Attorney, and *Donald A. Kuebler* and *Paul
G. Miller,* Assistant Prosecuting Attorneys, for the
people.

*Reese W. Stipes, II,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 487, 489, 492.

J. H. Gillis, J.  In 1966 defendant David Chalut was placed on probation on the acceptance of his plea of guilty to the charge of robbery unarmed.* On March 30, 1967, the defendant was brought before the trial court pursuant to a bench warrant which charged him with violation of his probation.  With defense counsel present, the trial judge discussed the specific violations of the probationary order with which the defendant was charged.  Defendant then informed the court that he desired to plead guilty to the charge.  The court advised the defendant that he faced up to 15 years in prison upon acceptance of his plea of guilty and discussed in detail the alleged violations which had previously been served on the defendant in written form.

On appeal, defendant contends the court failed to inform defendant of the nature of the accusation against him and the consequence of his plea of guilty as a probation violator.

The record in this case supports a finding that the trial court did specifically advise defendant of the exact nature of the accusation against him and the consequence of his plea of guilty as a probation violator and did so, we think, in an exemplary manner. We find no error in acceptance of the plea or in passing of judgment thereon.

Affirmed.

McGregor, P. J., and A. C. Miller, J., concurred.

---

* CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).